INDUSTRIAL TRUST CO. Ex. and Tr. *vs.* M. ETTA BABCOCK GARDNER *et al.*

JUNE 29, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Wills. Intestacy.*

It is reasonable to suppose that a man who makes a will does not intend to die intestate as to any part of his property.

*(2) Wills. Residuary Provision. Legacies. Abatement.*

Testator by will in the 5th and 7th clauses bequeathed gifts of $10,000 and $2,000 respectively, and by the 4th and 6th clauses bequeathed gifts of $20,000 and $10,000, respectively, in trust. By the 11th clause he directed his executor to sell all personal property not otherwise disposed of, also all real estate, the proceeds of said personal and real estate to be added to the 4th and 6th bequests, share and share alike, after all expenses of every description had been settled. At the time of his death the personal property of testator was less than $5,000.—

*Held,* that to carry out the apparent intention of testator the 11th clause would be construed to be a general residuary provision, and from the proceeds of the sales of the real and personal property the executor should pay the expenses, debts and legacies provided for by the will, first paying the expenses of administration, the inheritance and legacy taxes, and all lawful claims, and out of the balance the legacies, and if the estate was insufficient to pay the legacies in full they must abate proportionably.

BILL IN EQUITY for advice in regard to will. Certified under Gen. Laws, cap. 289, § 35.

SWEENEY, J. This is a bill in equity brought by the executor and trustee of the will of Franklin N. Babcock, late of the town of Warwick, for the advice and direction of this court in administering the estate of said deceased. The cause has been certified to this court under authority of Section 35, Chapter 289, General Laws, 1909.

Mr. Babcock in his will, in addition to appointing an executor and ordering his funeral expenses and expenses of administration paid out of his estate, provided that the inheritance taxes and taxes assessed against the legatees should be paid, and directed his executor to provide perpetual care for the burial lot of his father.

In the ninth paragraph of his will he makes a specific gift of some household furniture and he disposes of the remainder of his property by four general pecuniary legacies.    Two of these general legacies (bequests Nos. 5 and 7) are gifts of $10,000.00 and $2,000.00, respectively, and the other two general legacies (bequests Nos. 4 and 6) are gifts of $20,000.00 and $10,000.00, respectively, in trust.

The disposal of the residue of his estate is made by the eleventh paragraph of his will which is as follows: "Eleventh: I direct my Executors to sell all personal property, not otherwise disposed of, also all real estate I may die seized and possessed of, . . . the proceeds of said personal and real estate to be added to the bequests No. 4 and No. 6, share and share alike, after all expenses of every description have been settled."

Four of the legatees have answered the bill and a decree *pro confesso* has been taken against the other interested parties.

(2)    The question submitted to this court is whether said paragraph eleven is in the nature of a residuary provision and whether the executor may pay from the proceeds of the sales of the real estate and personal property the expenses of administration, the debts of the deceased, and the legacies given by the preceding paragraphs in the will.

The answering legatees claim that said paragraph should be construed to be a general residuary provision in order to carry out, as far as possible, the intent of the deceased as shown in the other paragraphs of his will.

From a reading of the will it is apparent that the deceased intended to dispose of all of his property by will, that he had a high regard for the legatees named therein, and that it was his intention that they should share in the distribution of his estate to the amounts as expressed in his will.

It is reasonable to suppose that a man who makes a will does not intend to die intestate as to any part of his property.    *Pell* v. *Mercer,* 14 R. I. 412;  *Smith* v. *Greene,* 19 R. I. 558.

It is stated that the deceased was a man advanced in years, a widower with no children, that at the time of his death his personal property was less than $5,000.00, and that he owned some valuable real estate. On account of the small amount of personal property, if said eleventh paragraph is not construed to be a general residuary provision it will give the fourth and sixth general legacies a preference over the fifth and seventh general legacies, and the legatees mentioned in the fifth and seventh legacies may not receive anything on account of the insufficiency of the personal estate.

It is clear that the testator intended that the legatees mentioned in the fifth and seventh bequests should receive from his estate the sums given to them and in order to carry his apparent intention into effect the court construe said eleventh paragraph to be a general residuary provision.

The executor requests advice and direction as to whether it may pay from the proceeds of the sale or sales of said personal property and real estate described in said paragraph eleven any expenses other than those incident to such sale or sales, and as to the manner in which the several legacies shall abate in the event that the estate is not sufficient to pay all of them in full.

The executor is advised and directed that it may pay from the proceeds of such sale or sales the expenses of administration, inheritance and legacy taxes, and all lawful claims against said estate. Out of any balance remaining the executor may pay the general legacies mentioned in the fourth, fifth, sixth, and seventh paragraphs of said will. If said estate is insufficient to pay all of said legacies in full they must abate proportionably, and in such case the executor may pay out the residue of the estate *pro rata* to said legatees. *Derby, Ex.* v. *Derby et als.*, 4 R. I. 414.

The parties may present to this court a form of decree in accordance with this opinion, July 3, 1922, at nine o'clock a. m., standard time.

*Huddy, Emerson & Moulton,* for complainant.

*George A. Breaden,* for respondent Gardner.

*Felix Herbert,* for other respondents.